UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GRACE MALDONADO,

        Plaintiff,

vs.

RACINE COUNTY, WISCONSIN
and
TONIA PRATHER,

        Defendants.

Case No. 09-C-1173

## DEFENDANT RACINE COUNTY'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

### INTRODUCTION

Defendant Racine County, Wisconsin ("Racine County"), by its attorneys, Michael Best & Friedrich LLP, respectfully submits this Brief in Support of its Motion to Dismiss Plaintiff's Complaint ("Motion"). In her Complaint, Plaintiff Grace Maldonado ("Plaintiff" or "Ms. Maldonado") sets forth a tale of alleged infringement of her constitutional rights by Tonia Prather, an individual Ms. Maldonado claims is employed by Racine County.[1] According to the Complaint, Ms. Prather allegedly instructed Plaintiff to shut down her child care business. As a result of her voluntary compliance with the alleged directive, Ms. Maldonado claims that W-2 subsidy payments made to her on behalf of those for whom she provided childcare in her home were terminated effective October 24, 2009. Ms. Maldonado's Complaint fails to state any claim upon which relief could be granted, even if it were taken as true.

---

[1] Because Racine County's Motion is made pursuant to Fed. R. Civ. P. 12(b)(6), the Court is obligated, for purposes of this Motion only, to take Ms. Maldonado's allegations as true. However, Racine County reserves the right to vigorously contest all of the allegations in Plaintiff's Complaint and, should the Court decline to dismiss Plaintiff's Complaint, Racine County will file its Answer in response to Ms. Maldonado's baseless allegations, including her erroneous contention that Ms. Prather is employed by Racine County.

Ms. Maldonado's constitutional law claims against Racine County are patently deficient. Even assuming, *arguendo*, that Ms. Prather was an employee of Racine County, longstanding United States Supreme Court precedent establishes that "[v]icarious liability is inapplicable…[to] § 1983 suits." <u>Monell v. Dept. of Social Services of City of New York</u>, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). It is equally well settled that municipalities are not liable for the constitutional torts of their employees, and the theory of *respondeat superior* is wholly inapplicable in §1983 suits. In order to state a claim against a municipality (such as Racine County) under § 1983, a plaintiff must allege that the action complained of was pursuant to official "policy" or "custom" established by policymaking officials of the municipality. <u>Ms. Maldonado makes no such allegation in this case</u>. To the contrary, her Complaint clearly states that Ms. Prather's verbal directive is the sole basis for her claim. Because Racine County cannot be held vicariously liable for Ms. Prather's alleged violation of Ms. Maldonado's constitutional rights, the Complaint should be dismissed.

Moreover, as a threshold matter, in order to establish any violation of constitutional due process, Ms. Maldonado must also allege facts that could support a finding that she had a <u>constitutional property right</u> to uninterrupted receipt of Wisconsin Shares payments for the care of W-2 beneficiaries in her home childcare. Ms. Maldonado cannot make such a showing based upon the facts alleged in her Complaint because she is not the beneficiary of welfare payments, but rather a third party payee selected by the beneficiaries to provide childcare services. Ms. Maldonado concedes that she was paid for all services rendered, and her alleged interest therefore falls short of a constitutionally protected property right.

Accordingly, because Ms. Maldonado's Complaint fails to state a claim against Racine County upon which relief may be granted, it should be dismissed.

## SUMMARY OF FACTS ALLEGED

In her Complaint, Plaintiff seeks recovery for alleged constitutional violations committed by Tonia Prather, an individual whom Plaintiff contends is employed by Racine County. A summary of the alleged facts, taken as true solely for purposes of this Motion, follows.

Ms. Maldonado owned and operated a family childcare center located in her home in Racine County, Wisconsin. (Complaint ¶¶ 1, 5.) Ms. Prather was, at all times, an employee of Racine County, responsible for administering daycare provider certifications. (Complaint ¶ 3.) Racine County first certified Ms. Maldonado's daycare facility in or about February, 2005, and thereafter recertified her daycare facility. (Complaint ¶ 5.) Each of the children in Ms. Maldonado's care in October, 2009 was a recipient of regular subsidy payments under Wisconsin's W-2 program, which subsidies the State of Wisconsin paid directly to Ms. Maldonado as compensation for the childcare services she provided to those children as a certified daycare provider. (Complaint ¶ 9.)

On October 23, 2009, Ms. Prather contacted Ms. Maldonado and instructed her to shut down her child care business. (Complaint ¶ 7.) Ms. Maldonado complied with Prather's demand. (Complaint ¶ 8.) As a result, Ms. Maldonado's subsidy payments were terminated on October 24, 2009. (Complaint ¶ 10.)

Ms. Maldonado claims a property interest in the continued receipt of W-2 subsidy payments. (Complaint ¶ 16.) Ms. Maldonado alleges that Ms. Prather's conduct deprived her of property rights without due process. (Complaint ¶ 18.)

## STANDARD OF REVIEW

This Motion is brought pursuant to Fed. R. Civ. P. 12(b)(6). "For purposes of a motion under Rule 12(b)(6), the court's obligation is to decide whether the plaintiff can prove any set of facts consistent with the allegations that would give [him] a right to relief." Wudtke v. Davel,

128 F.3d 1057, 1061 (7th Cir. 1997). The court should dismiss a claim if the plaintiff can prove no set of facts that would establish his or her entitlement to relief. See Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998). In considering a Rule 12 motion, a court takes all of the facts alleged in the complaint as true, and draws all reasonable inferences in the plaintiff's favor. See id.; Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir. 1989).

However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).) Rather, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to "state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570.) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions alleged in a complaint are "not entitled to assumptions of truth." Id. at 1950. With respect to well pleaded factual allegations, however, a deciding court must "assume their veracity and then determine and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. Even under this liberal standard, Ms. Maldonado's Complaint is fatally defective, as described below.

## ARGUMENT

I. **MALDONADO'S COMPLAINT FAILS TO STATE A CLAIM AGAINST RACINE COUNTY UNDER 42 U.S.C. § 1983.**

    A. <u>Maldonado's Complaint Fails Because She Alleges No "Policy" or "Custom" of Racine County</u>.

42 U.S.C. § 1983 allows an action in federal court against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be

subjected, any citizen of the United States…to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights." Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). It merely provides "a method for vindicating federal rights elsewhere conferred." Id. In the present case, Ms. Maldonado seeks to vindicate her constitutional right to due process under the Fourteenth Amendment. (Complaint ¶ 18.) Therefore, § 1983 confers jurisdiction to this Court.

However, Ms. Maldonado's Complaint must be dismissed because she has failed to plead facts that, if true, would establish liability on the part of Racine County under § 1983. Longstanding Supreme Court precedent establishes without question that municipalities, such as Racine County, cannot be held liable under § 1983 on the theory of *respondeat superior*. "[V]icarious liability is inapplicable…[to] § 1983 suits." Monell v. Dept. of Social Services of City of New York, 436 U.S. at 691, 98 S.Ct. at 2036 (1978); see also City of Oklahoma City v. Tuttle, 471 U.S. 808, 821, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) (stating that §1983 claim requires that alleged wrongdoing be ascribed to municipal policymakers); Salas v. Wisconsin Department of Corrections, 493 F.3d 913, 926 (7th Cir. 2007).

In order for a § 1983 claim to succeed against a municipal entity, the tortious conduct against the plaintiff must have been undertaken pursuant to a municipality's "official policy." Pembaur v. City of Cincinnati, 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). In Pembaur, the Supreme Court held that municipal liability may arise under § 1983 for unconstitutional deprivation of property only if the decisionmaker "possesses *final authority* to establish municipal policy with respect to the action ordered." Pembaur, 475 U.S. at 481. "Recovery from a municipal entity is therefore 'limited to acts that are, properly speaking acts of

the municipality' – that is, acts which the municipality has officially sanctioned or ordered." McNabola v. Chicago Transit Auth., 10 F.3d 501, 509 (7th Cir. 1993) (quoting Pembaur, 475 U.S. at 480). To confer liability upon a municipal entity, a plaintiff must "show either that the decision-making authority acted to deprive [her] of a constitutional right or that the ultimate decision-making authority acquiesced in the deprivation by allowing a custom or practice of such deprivation to exist." Felton v. Board of Com'rs. of Greene Co., 5 F.3d 198, 203 (7th Cir. 1993) (citing Pembaur, 475 U.S. at 479-80).

Ms. Maldonado's Complaint rests upon the theory of vicarious liability, which has been expressly rejected by the Supreme Court in the context of municipal liability under §1983. (Complaint ¶¶ 7-9, 17.) Ms. Maldonado does not allege that any policymaking authority of Racine County authorized Ms. Prather's actions, nor does she allege that such actions were taken pursuant to a "policy" or "custom" established or acquiesced by the Racine County Board of Supervisors.[2] To the contrary, Ms. Maldonado alleges that Ms. Prather's actions violated Racine County's standard policy and procedures. (Complaint ¶¶ 12-14.) Accordingly, because Ms. Maldonado alleges no facts that, if true, would establish violation of her constitutional rights by a policymaking authority of Racine County, she fails to state a claim for relief under § 1983 against Racine County. Ms. Maldonado's Complaint should therefore be dismissed.

II.     **MALDONADO'S COMPLAINT FAILS TO ESTABLISH ANY RIGHT TO CONSTITUTIONAL DUE PROCESS.**

Even if her Complaint did allege action on the part of Racine County's authorized policymaking authority, Ms. Maldonado has not pled facts that, if true, would establish any deprivation of a *constitutionally protected property interest*. The Fourteenth Amendment protects individuals against the deprivation of liberty or property by the government without due

---

[2] Ms. Maldonado also does not claim that Ms. Prather is an authorized policymaking authority of Racine County. Instead, she claims that Ms. Prather is simply an employee of Racine County. (Complaint ¶ 3.)

process of law.  See Matthews v. Eldridge, 424 U.S. 319, 332 (1976).  A § 1983 claim based upon the deprivation of due process has three elements: 1) a liberty or property interest protected by the Constitution; 2) a deprivation of the interest by the government; and 3) lack of process. Id.  Failure to establish a constitutionally protected property interest is fatal to a plaintiff's due process claim.  See Omosegbon v. Wells, 335 F.3d 668, 674 (7th Cir. 2003).

Significantly, not every property interest is afforded constitutional protection.  Rather, to have a *constitutionally protected* property interest, a person must have a "legitimate claim of entitlement" to the item. Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).  The Supreme Court stated in Roth:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a **legitimate claim of entitlement to it**.  It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined.  It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.

Id. (emphasis added.)

In the present case, Ms. Maldonado claims to have had a constitutionally protected property interest in the continued receipt of W-2 childcare subsidy payments after October 24, 2009.  (Complaint ¶ 16.)  But, Ms. Maldonado concedes that she ceased providing childcare services to W-2 recipients pursuant to Ms. Prather's instruction on October 24, 2009. (Complaint ¶ 8.)  Thus, Ms. Maldonado has no "legitimate claim to entitlement" to subsidy payments after October 24, 2009.

Notably, Ms. Maldonado does not claim that she was an eligible recipient of welfare benefits, a class of individuals who unquestionably have a constitutional interest in the continuance of such benefits.  See Goldberg v. Kelly, 397 U.S. 254, 261-263, 90 S.Ct. 1011, 25

L.Ed.2d 287 (1970) (holding that recipients of welfare aid have a constitutionally protected property interest in the uninterrupted receipt of such benefits). Rather, Ms. Maldonado alleges only that each child in her care as of October 24, 2009 "was, at that time, a recipient of regular subsidy payments under Wisconsin's W-2 program, which subsidies the State of Wisconsin paid directly to Maldonado…" (Complaint ¶ 9.) Ms. Maldonado's claim that she, as a third party payee, has a constitutional interest in the uninterrupted receipt of payment for services not rendered is unprecedented. Counsel for Racine County is aware of no precedent supporting a third party payee's claim of a right to continue supplying services at public expense.

In fact, similar claims by contractors have been repeatedly rejected. See Linan-Faye Const. Co., Inc. v. Housing Authority of City of Camden, 49 F.3d 915, 931 (3d Cir. 1995) (rejecting contractor's claim that it had a constitutional property right prohibiting mid-term cancellation of its contract without due process, noting "[t]he Supreme Court has never held that every state contract gives rise to such a protectible property interest.") Similarly, in American Society of Cataract and Refractive Surgery v. Thompson, 279 F.3d 447, 455 (7th Cir. 2002), the Seventh Circuit flatly rejected the contention by physicians receiving payment through Medicare reimbursement that such payees had a protected property interest in the calculation of such benefits. The Seventh Circuit noted that the constitutionally protected property interest extended only to being reimbursed according to the fee schedule *for services already rendered.* Importantly, the Seventh Circuit rejected the contention that the physician payees had any constitutionally protected interest in the formula for calculation of reimbursement rates for services not yet rendered. See id. at 456. Similarly, Ms. Maldonado has no constitutionally protected property interest in Wisconsin Shares payments that she indisputably did not earn.

Accordingly, because Ms. Maldonado has no "legitimate claim of entitlement" to continued receipt of W-2 payments beyond October 25, her Complaint fails to state a claim for relief under § 1983 and should be dismissed.

## CONCLUSION

For all of the foregoing reasons, Ms. Maldonado's Complaint against Racine County should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

Dated this 25th day of January, 2010.

                                  **MICHAEL BEST & FRIEDRICH LLP**

                                  By: s/ Elizabeth M. Drew
                                      Charles B. Palmer, SBN 1001322
                                      Elizabeth M. Drew, SBN 1034598
                                      100 East Wisconsin Avenue, Suite 3300
                                      Milwaukee, WI 53202-4108
                                      Telephone: 414-271-6560
                                      Fax: 414-277-0656
                                      E-mail: cbpalmer@michaelbest.com
                                      E-mail: emdrew@michaelbest.com

                                  Attorneys for Defendant
                                  Racine County, Wisconsin

T:\CLIENTA\015689\0001\A3687732.4